Whaley, Judge,
delivered the opinion of the court:
This case comes to this court under an act of Congress approved June 24, 1936, conferring jurisdiction “to hear, -determine, and render judgment upon the claim of Emanuel Bratses for injuries and damages sustained in an accident in which he lost his leg at the Brooklyn Navy Yard, Brooklyn, New York, on May 27, 1933,” 49 Stat. 2348. Jurisdiction is specially conferred on this court to hear and •determine a case sounding in tort.
The plaintiff was employed as a structural painter by ;the Pamfilis Contracting Company which had entered into a contract with the defendant to paint crane runways and cranes of buildingways Nos. 1 and 2, Navy Yard, Brooklyn, New York. It was especially provided in the contract that .ship construction would be under way on buildingways No. 1, probably during the entire period of the contract and painting work was prohibited on these ways during working hours. The work on buildingways No. 1 could only be ■done “during daylight hours outside of Navy Yard working .hours and on any days or parts of days, other than Sundays or National Holidays, when the Navy Yard may be ■closed.”
The Pamfilis Contracting Company had a foreman in •charge of the work who received his orders each morning .at 8 o’clock where the painting work should be done from the Yard Supervisor or his assistant. Both the foreman .and the plaintiff knew construction work was being done •on buildingways No. 1 during the period they had been working in the yard. On the morning of Saturday, May .27,1933, the foreman of the Pamfilis Contracting Company, without the knowledge, consent, or acquiescence of any ■officer, agent, or employee of the defendant ordered the plaintiff to work in a dangerous and hazardous position ■on buildingways No. 1 and, after he had been in this position for a short time, the operator on the crane of building-ways No. 1 started his engine with the result that the *606 plaintiff’s leg was run over and crushed and had to be amputated. The operator of the crane did not see the plaintiff before or when he started his crane and had no reason to believe or know that plaintiff was working on buildingways No. 1. The cause of the accident to plaintiff was solely due to the negligent act of the foreman of the Pamfilis Contracting Company in ordering the plaintiff to a dangerous and hazardous position in a restricted and prohibited area without the consent or knowledge of any officer, agent, or employee of the defendant. The evidence clearly shows that no officer, agent, or employee of the defendant caused or contributed to cause the injuries received by the plaintiff. Without some failure of duty on the part of the defendant or negligent act on the part of its officers, agents, or employees, the defendant is not liable.
There can be no recovery and the petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; Greek, Judge; and Booth, Chief Justice, concur.